13622

RIVERS *ET AL.*, REC'RS, v. BUCHANAN *ET AL.*

(169 S. E., 137)

November, 1928.

*Mr. Samuel Want,* for appellants, 

*Messrs. W. F. Stevenson* and *L. C. Wannamaker,* for respondents.

April 12, 1933.

The opinion of the Court was delivered by Mr. Justice Stabler.

This action was begun on November 14, 1928, by some of the depositors of Bank of Cheraw & Chesterfield County, for the purpose of enforcing the statutory liability of certain alleged stockholders of that defunct institution. After suit was brought, the receivers of the bank were substituted as plaintiffs. The present appeal involves the liability as stockholders of the following defendants in the case: Tyler B. Watson, Annie W. Terrell, and Earl L. Watson, as executors of the last will and testament of J. A. Watson, deceased, Tyler B. Watson and Mrs. J. C. (Annie W.) Terrell, individually, Mrs. T. B. (Eva) Watson and Mrs. Lila W. Little. The matter was referred to the master of Chesterfield County, who concluded that the defendants named were not stockholders in the closed bank, and recommended judgment in their favor. He found and reported the material and undisputed facts to be as follows:

"Bank of Cheraw and Chesterfield County is a corporation created through the consolidation (under the Act of 1925 [Code 1932, §§ 7757-7763]) of Bank of Cheraw and Bank of Chesterfield County. Bank of Cheraw itself was a consolidated corporation, having absorbed other banks in Chesterfield County, including Merchants and Farmers Bank of Cheraw. The late J. A. Watson was the owner of eighty shares of stock in Bank of Cheraw and seventy-eight

shares of stock in Bank of Chesterfield County. Mrs. J. C. Terrell was the owner of six shares in Bank of Cheraw. Tyler B. Watson was the owner of sixteen shares in Merchants and Farmers Bank and fifteen shares in Bank of Chesterfield County. Mrs. T. B. Watson was the owner of two shares in Merchants and Farmers Bank, and Mrs. Lila W. Little was the owner of four shares in Bank of Cheraw. While in some or all of the instances referred to the stock certificate books show the issuance of certificates of Bank of Cheraw in the one case and of Bank of Cheraw and Chesterfield County in the other, to the respective parties named, such certificates were never delivered to the parties, were never tendered to them, and were never called for or inquired about. The explanation made by these defendants is that they took no part in the merger or consolidation proceedings in question; that this was not a question of inadvertence or indifference, but was an affirmative expression of their unwillingness to become stockholders in Bank of Cheraw and/or in Bank of Cheraw and Chesterfield County, because of their dissatisfaction with the management of the constituent banks, and of the proposed personnel of the management of the consolidated bank. They do not deny having received notices of the various stockholders' meetings and other proceedings leading up to the consolidation, but they state that they did not attend such meetings, or authorize anyone to attend the same on their behalf; that they never received any dividends (the fact is that no dividends were declared by Bank of Cheraw and Chesterfield County), and as a matter of purpose and fact, that they actually abandoned the stocks in question as worthless, and mentally rejected the outstanding offer or right as to the stock of the consolidated bank as being equally worthless.

"It is also in the record that the statutory right of the stockholders of the two banks that were consolidated into Bank of Cheraw and Chesterfield County to claim the value of their stock as dissenting stockholders was not exercised,

the reason given being that they did not know that they had any such right, and that no notice of the existence of such right or of an opportunity to exercise the same was given to them.

"As previously indicated, the facts above stated are not disputed, except to the extent that the claim of the defendants that they 'abandon' the stock is regarded by the plaintiffs as a conclusion *ex post facto,* rather than as a statement of fact governing the actions of the defendants at the times in question. However, after considering all of the testimony, including the documentary evidence, I can find no ground upon which any of the statements of fact testified to by the witnesses can be considered as successfully impeached, and I find that for the purpose of disposing of the legal questions presented upon the pleadings and the evidence, the testimony above related must be taken as true, and I therefore find the facts to be as above set forth."

. Upon exceptions to the master's report, Hon. W. H. Townsend, Circuit Judge, held that, under the terms of the consolidation agreement, each of the named defendants was the equitable and beneficial owner of stock in Bank of Cheraw & Chesterfield County, and gave judgment accordingly. This appeal is from his decree.

In the case of *Rivers et al. as Receivers of the Bank of Cheraw & Chesterfield County, v. W. F. Stevenson, as Trustee of the Estate of James T. Moore, deceased,* 169 S. E., 135, this Court considered and construed the same statute and the same agreement of consolidation involved in the case before us, and held that a stockholder of the constituent bank, who took no part in the consolidation proceedings, was not made a stockholder of the new bank by the provisions of the act and the consolidation agreement. This question, therefore, is disposed of by that decision.

We have made a careful examination of the testimony printed in the record for appeal, and find the material facts of this case to be as reported by the referee. We do not

agree with the Circuit Judge that, under the evidence, the appellants were estopped, either by conduct or by act, to assert their rights and to deny the liability sought to be fixed upon them. The undisputed testimony, as stated by the referee, is to the effect that they took no part in the consolidation proceedings, and that it was not their purpose to become stockholders in the new bank, because of their lack of confidence in the personnel of its management.

The question of abandonment is disposed of by what we said with respect thereto in *Rivers v. Stevenson*. However, the testimony in the case at bar is to the effect that abandonment was intended.

The judgment of the Circuit Court is reversed, and the complaint dismissed as to the appellants herein.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.